765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
ROBERT A. BURNETT, SR. (84-5263, 84-5528, 84-5715), TRAVIS
W. BURNETTE, JR. (84-5513), ORLANDO MIGUEZ, A/K/A BIG LANDY
(84-5514), JUAN DIAZ (84-5568), AND PABLO SARDUY (84-5569),
DEFENDANTS-APPELLANTS.
 NO. 84-5263, 84-5513, 84-5528, 84-5715
 United States Court of Appeals, Sixth Circuit.
 5/29/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellants, Orlando Miguez, a/k/a 'Big Landy,' Robert A. Burnette, Sr., a/k/a 'Andy' (Andy Burnette), Travis W. Burnette, Jr. (Travis Burnette), Pablo Sarduy, and Juan Diaz appeal their jury convictions for conspiracy and possession with intent to distribute a controlled substance. Appellants raise numerous contentions on appeal, the most substantial of which are, first, that there was a variance between the indictment and the proof at trial and, second, that the district court erred in refusing to charge the jury that if multiple conspiracies were proved, it must acquit the defendants. We reject these contentions and, finding no other error, affirm the convictions.
 
 
 2
 The indictment in this case charged that the appellants, along with indicted and unindicted co-conspirators, conspired from December 1, 1980 to July 30, 1983 to possess and distribute cocaine, methaqualone, and marijuana. The alleged conspiracy involved transporting drugs from Florida to the Western District of Tennessee and elsewhere for further distribution. Proceeds from these transactions were then collected and distributed to the various suppliers.
 
 
 3
 The proof at trial, viewed in the light most favorable to the government, see Glasser v. United States, 315 U.S. 60, 80 (1942), showed that the Burnettes began taking drug deliveries from Orlando Miguez, Sr., and Orlando Miguez, Jr., who are not appellants. Appellant Miguez--a relative of Miguez, Sr. and Miguez, Jr.--and Diaz worked with the Miguezes in the distribution of controlled substances. At one point Miguez, Sr. and Andy Burnette quit doing business because of a disagreement regarding payment. At that point, Diaz and appellant Miguez began dealing directly with the Burnettes. Later, however, Miguez, Sr. and Andy Burnette worked out their difficulties and began dealing with each other again.
 
 
 4
 Appellants contend that the initial conspiracy later changed into multiple conspiracies by the changes in participants after the Miguez/Burnette break up. A review of the proof, and the inferences from the proof, in the light most favorable to the government, convinces us that the jury could reasonably have found the appellants guilty of a single conspiracy. This Court has held that a single conspiracy does not become a multiple conspiracy because 'each member did not know of, or become involved in all of the activities in furtherance of the conspiracy.' United States v. Warner, 690 F.2d 545, 549 (6th Cir. 1982). Further, the absence or withdrawal of some members from the conspiracy does not change the character of the conspiracy. United States v. Goble, 512 F.2d 458, 465 (6th Cir.), cert. denied, 423 U.S. 914 (1975) (even though the conspiracy went on for several years and involved various combinations of defendants, it was still possible for the jury to find that only a single conspiracy existed).
 
 
 5
 Appellants also contend that the district court erred in failing to give their requested instruction on multiple conspiracies. That instruction stated:
 
 
 6
 Proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges. What you must do is determine whether the conspiracy charged in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit. However, if are satisfied that such a conspiracy existed, you must determine who were the members of that conspiracy.
 
 
 7
 If you find that a particular defendant is a member of another conspiracy, not the one charged in the indictment, then you must acquit that defendant. In other words, to find a defendant guilty, you must find that he was a member of the conspiracy charged in the indictment and not some other conspiracy.
 
 
 8
 In determining whether any defendant was a party, each is entitled to individual consideration of the proof respecting him or her, including any evidence of his or her knowledge, his or her status, his or her participation in key conversations, his or her participation in the plan, scheme or arrangements alleged.
 
 
 9
 The appellants contend that by refusing to give this instruction, the district court deprived the appellants of the very theory of their defense.
 
 
 10
 We disagree. The instructions given apprised the jury of the appellants' contention that there was proof of other conspiracies and that any such proof must not be used to convict the appellants. The trial judge further admonished the jury that 'to find the defendant guilty you must find that he was guilty of the conspiracy charged in the indictment, and not some other conspiracy.' We believe that the instruction given was adequate to inform the jury that they should not convict the appellants of a conspiracy other than the conspiracy alleged in the indictment.
 
 
 11
 We have reviewed carefully the other contentions raised by appellants and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.